**RINA CARMEL (Bar No. 208311)**
    rc@amclaw.com
**ANDERSON, McPHARLIN & CONNERS LLP**
**707 Wilshire Boulevard, Suite 4000**
**Los Angeles, California 90017-3623**
**TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594**

**Attorneys for Defendant GENERAL**
**INSURANCE COMPANY OF AMERICA**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ROBERT GENOVA, an individual; and DORA GENOVA, an individual,<br><br>       Plaintiffs,<br><br>    vs.<br><br>GENERAL INSURANCE COMPANY OF AMERICA; a corporation; and DOES 1-30, inclusive,<br><br>       Defendants. | Case No.<br><br>**GENERAL INSURANCE COMPANY OF AMERICA'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441; DECLARATIONS OF RINA CARMEL AND DESIREE MORENO AND EXHIBITS THERETO** |

**TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

      **PLEASE TAKE NOTICE** that Defendant General Insurance Company of America ("General") hereby removes to the United States District Court for the Central District of California, the state court action, styled *Robert Genova and Dora Genova v. General Insurance Company of America*, bearing Case No. 21PSCV00120 ("State Court Action"), which action was filed in the California Superior Court, in and for the County of Los Angeles on February 16, 2021, and served on General on February 17, 2021.

1

## I.   <u>GROUNDS FOR REMOVAL</u>

1.   This Court has original jurisdiction of this action under 28 U.S.C. § 1332, on the basis of diversity of citizenship, and this action may be removed by General pursuant to 28 U.S.C. § 1441, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

2.   On February 16, 2021, Plaintiffs Robert Genova and Dora Genova (collectively "Plaintiffs") commenced the State Court Action against General in the Superior Court of the State of California in and for the County of Los Angeles, bearing Case No. 21PSCV00120.

3.   A true and correct copy of the conformed Complaint for (1) Breach of Contract; and (2) Breach of Good Faith and Fair Dealing ("Complaint") and accompanying papers, process, pleadings and orders served upon General in the State Court Action are attached as Exhibit A to the attached Declaration of Rina Carmel ("Carmel Decl."). Carmel Decl., ¶ 3 and Exh. A.

4.   Plaintiffs served the Summons and Complaint on General on February 16, 2021. Carmel Decl. ¶ 3 and Exh. A at 10.

5.   This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), since it is filed within 30 days of service of the Summons and State Court Action Complaint on General.

## II.   <u>DIVERSITY JURISDICTION EXISTS IN THIS MATTER</u>

6.   This case may be removed, pursuant to 28 U.S.C. § 1441(a), because complete diversity exists between Plaintiffs, on the one hand, and General, on the other hand, and the amount in controversy will exceed $75,000. *See* 28 U.S.C. § 1332.

### A.   <u>Citizenship of the Parties</u>

7.   In the Complaint, Plaintiffs admit that they both reside in the County of Los Angeles, California. Thus, Plaintiffs are citizens of the State of California. Carmel Decl., ¶ 3 and Exh. A at 16:3-6.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080  •  FAX (213) 622-7594

8.      General is a corporation incorporated under the laws of the State of New Hampshire, and its principal place of business is located in the Commonwealth of Massachusetts. Carmel Decl., ¶ 4 and Exh. B.  Thus, General is a citizen of the State of New Hampshire and the Commonwealth of Massachusetts for purposes of diversity jurisdiction.

9.      The citizenship of DOE defendants is disregarded for removal purposes.  28 U.S.C. § 1441(b)(1).

10.     There exists complete diversity, because Plaintiffs and General are citizens of different states. *See, e.g.*, *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

**B.      Amount in Controversy Exceeds $75,000**

11.     The amount in controversy necessary to establish jurisdiction, under 28 U.S.C. § 1332, is met, because the Complaint alleges that Plaintiffs seek the following amounts against General:

a.      At least $20,000 in damages for alleged breach of contract. Carmel Decl. ¶ 3 and Exh. A at 18:5-6.

b.      Additional, unspecified amounts for loss of use.  Carmel Decl. ¶ 3 and Exh. A at 18:24.

c.      Additional, unspecified amounts for emotional distress and general damages.   Carmel Decl. ¶ 3 and Exh. A at 18:24, 19:4.

d.      Additional, unspecified amounts in attorneys' fees.  Carmel Decl. ¶ 3 and Exh. A at 18:24-25, 19:7.

e.      Punitive damages.  Carmel Decl. ¶ 3 and Exh. A at 19:6.

12.     In determining whether the jurisdictional requirement for diversity jurisdiction has been met, the defendant must demonstrate that it is "more likely than not" that the amount in controversy has been met.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  "If the complaint does not clearly specify damages, the court may examine facts in the complaint and evidence submitted by the parties. The jurisdictional minimum may be satisfied by claims for

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

special and general damages, attorneys' fees and punitive damages." *Simmons v. PCR Tech*., 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002). The Court may assign values to such claims, and aggregate them to determine that the amount in controversy requirement is satisfied. *Guillen v. Kindred Healthcare Operating, Inc*., No. EDCV1702196JAKFEMX, 2018 WL 1183354, at \*4-6 (C.D. Cal. Mar. 7, 2018).

13.    As to alleged breach of contract, Plaintiffs in fact claim \$34,601 for the cost of repairs to the insured house. Declaration of Desiree Moreno ("Moreno Decl.") ¶ 3 and Exh. C. Plaintiffs in fact claim \$12,600 for slab leak repair and heat and air system. Moreno Decl. ¶ and Exh. D. These amounts total \$47,201.

14.    As to alleged emotional distress, this has been held to be a remedy for breach of the implied covenant of good faith and fair dealing. *E.g*., *Crisci v. Sec. Ins. Co. of New Haven, Conn*., 66 Cal. 2d 425, 432-433 (1967) (awarding insured plaintiff \$25,000 for emotional distress in bad faith case). A court in the Central District of California ruled that, where the complaint did not allege an amount for emotional distress, the amount in controversy requirement was sought, based on the defendant insurer's introduction of evidence of jury verdicts in other bad faith cases, showing a verdict for emotional distress of \$100,000, where the compensatory damages were \$27,009; and verdicts of \$400,000 for emotional distress in two other bad faith cases. *Cain v. Hartford Life & Acc. Ins. Co*., 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012) (citation omitted). Therefore, the amount in controversy requirement was satisfied, based on alleged emotional distress alone. *Id*.

15.    As to attorneys' fees, this has been held to be a remedy for breach of the implied covenant of good faith and fair dealing. *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985); *Guillen*, 2018 WL 1183354, at \*6.

16.    As to punitive damages, this has been held to be a remedy for breach of the implied covenant of good faith and fair dealing. *Neal v. Farmers Ins. Exch*., 21 Cal. 3d 910, 921-923 (1978). Applying a multiplier of ten, *Simon v. San Paolo U.S.*

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
Tel (213) 688-0080 • Fax (213) 622-7594

1  *Holding Co., Inc.*, 35 Cal. 4th 1159 (2005), would result in an amount of

2  controversy of at least $472,010.  Applying a more conservative 1:1 ratio would still

3  increase the amount in controversy by at least an additional $47,210, for a total of at

4  least $94,402.  *Guillen*, 2018 WL 1183354, at *5-6.  Because punitive damages are

5  legally recoverable in California bad faith cases, and because Plaintiffs seek them

6  here, courts should take them into account when determining if the jurisdictional

7  minimum has been met.  *E.g.*, *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d

8  1005, 1008-1009 (E.D. Cal. 2011) (concluding that under 4:1 ratio, plaintiff's claim

9  for punitive damages against defendant insurer meant that amount in controversy

10  requirement was satisfied).

11      17. Under the circumstances assigning any reasonable value to Plaintiffs'

12  claims for emotional distress, general damages, and punitive damages, it is clear that

13  the $75,000 jurisdictional minimum for removal is met in this case.

14  **III.**  **VENUE**

15      18.  28 U.S.C. § 1441(a) provides that "any civil action brought in a State

16  may be removed by the defendant or defendants, to the district court of the United

17  States for the district and division embracing the place where such action was

18  pending."

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

19.    Plaintiffs filed the instant action in the Superior Court of the State of California for the County of Los Angeles.  According to 28 U.S.C. § 84(c)(2), the Western Division of this Court embraces the Superior Court for the County of Los Angeles and, therefore, is the proper Court for the removal of this action.

DATED:  March 19, 2021                    ANDERSON, McPHARLIN & CONNERS LLP


By:  _____
        Rina Carmel
Attorneys for Defendant GENERAL
INSURANCE COMPANY OF AMERICA

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

## DECLARATION OF RINA CARMEL

I, Rina Carmel, declare as follows:

1.      I am an attorney at law duly licensed to practice before all courts in the State of California and before this Court. I am senior counsel with the law firm of Anderson, McPharlin & Conners LLP, attorneys of record for Defendant General Insurance Company of America ("General") in the above-captioned action.

2.      I am over the age of 18 years and have personal knowledge of the matters set forth herein, and, if called upon as a witness to testify thereto, I could and would competently do so.

3.      A true and correct copy of the conformed Complaint (1) Breach of Contract; and (2) Breach of Good Faith and Fair Dealing ("Complaint") and accompanying papers, process, pleadings, and orders served upon General Insurance Company of America, styled *Robert Genova and Dora Genova v. General Insurance Company of America*, bearing Case No. 21PSCV00120 ("State Court Action"), which action was filed in the California Superior Court, in and for the County of Los Angeles on February 16, 2021, is attached hereto as **Exhibit A**.

4.      I caused my firm to access the California Secretary of State's online Business Search portal and search for General Insurance Company of America. A true and correct copy of the printout of the search results is attached hereto as **Exhibit B**.

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct and that this declaration was executed on March 19, 2021.

_____

Rina Carmel

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

## <u>DECLARATION OF DESIREE MORENO</u>

I, Desiree Moreno, declare as follows:

1.      I am Field Claims Resolution Specialist III of Defendant General Insurance Company of America ("General") in the above-captioned action.

2.      I am over the age of 18 years and have personal knowledge of the matters set forth herein, and, if called upon as a witness to testify thereto, I could and would competently do so.

3.      A true and correct copy of an October 1, 2020 email from Plaintiff Dora Genova to me, and the attached September 30, 2020 Proposal by Casco Coast to Coast Construction, Inc., is attached hereto as **Exhibit C**.

4.      A true and correct copy of an October 15, 2020 email from Plaintiff Dora Genova to me, and the attached October 14, 2020 Proposal and Contract by Rene's Plumbing Repair, Inc., is attached hereto as **Exhibit D**.

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct and that this declaration was executed on March 16, 2021.

*Desiree Moreno*
_____
Desiree Moreno

8

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 02/16/2021 PSCV00120 Sherri R. Carter, Executive Officer/Clerk of Court, by J. Gonzalez, Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GENERAL INSURANCE COMPANY OF AMERICA, a corporation;
and DOES 1-30, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERT GENOVA, an individual; and DORA GENOVA, an
individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.
   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
   *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*
   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* East Judicial District - Pomona

CASE NUMBER: *(Número del Caso):*
**21PSCV00120**

Superior Court of the State of California, County of Los Angeles
400 Civil Center Plaza, Pomona, CA 91766

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jason R. Bendel, Esq., 11620 Wilshire Blvd., Ste. 900, Los Angeles, CA 90025, (310) 362-6110

DATE: *(Fecha)* 02/16/2021

Sherri R. Carter Executive Officer / Clerk of Court

Clerk, by *(Secretario)* J. Gonzalez , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* General Insurance Company of America; a corporation

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☑ other *(specify):* Form Unknown
4. ☑ by personal delivery on *(date):* 2-17-202[?]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit A
Page 10

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

      **Mediation may be appropriate when the parties**
      - want to work out a solution but need help from a neutral person.
      - have communication problems or strong emotions that interfere with resolution.

      **Mediation may <u>not</u> be appropriate when the parties**
      - want a public trial and want a judge or jury to decide the outcome.
      - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 01/20
For Mandatory Use

1

---

### How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

- **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
- **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
- **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
  - Only MCLA provides mediation in person, by phone and by videoconference.

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/
- Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
  - Free, day- of- trial mediations at the courthouse. No appointment needed.
  - Free or low-cost mediations before the day of trial.
  - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

---

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

Los Angeles Superior Court ADR website:  http://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

2

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Pomona Courthouse South<br>400 Civic Center Plaza, Pomona, CA 91766 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**02/16/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ J. Gonzalez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21PSCV00120 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Gloria White-Brown | J | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 02/17/2021
(Date)

LACIV 190 (Rev 6/18)
LASC Approved 05/06

Sherri R. Carter, Executive Officer / Clerk of Court

By J. Gonzalez _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Exhibit A
Page 13

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

21PSCV00120

Assigned for all purposes to: Pomona Courthouse South, Judicial Officer: Gloria White-Brown

Electronically FILED by Superior Court of California, County of Los Angeles on 02/16/2021 04:30 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Gonzalez,Deputy Clerk

1    JASON R. BENDEL (State Bar No. 212774)
     BENDEL LAW GROUP
2    11620 Wilshire Blvd., Suite 900
     Los Angeles, CA 90025
3    Telephone: (310) 362-6110
     Facsimile: (310) 317-7855
4    Email: jbendel@bendellaw.com

5    Attorneys for Plaintiffs
     ROBERT GENOVA and DORA GENOVA
6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF LOS ANGELES

10

11   ROBERT GENOVA, an individual; and          Case No.   21PSCV00120
     DORA GENOVA, an individual;

12                                Plaintiff,     COMPLAINT:

13        vs.                                    (1) BREACH OF CONTRACT; AND
                                                 (2) BREACH OF GOOD FAITH AND
14   GENERAL INSURANCE COMPANY OF                    FAIR DEALING
     AMERICA; a corporation; and DOES 1-30,
15   inclusive,

16

17                                Defendants.    DEMAND FOR JURY TRIAL

18

19

20

21

22

23

24

25

26

27

28

                                    - 1 -

## I.

## PARTIES

1.     Plaintiff Robert Genova ("ROBERT") is an individual who, at all relevant times, resided in the State of California, County of Los Angeles.

2.     Plaintiff Dora Genova ("DORA") is an individual who, at all relevant times, resided in the State of California, County of Los Angeles.  DORA and ROBERT are collectively hereafter referred to as "PLAINTIFFS."

3.     Defendant General Insurance Company of America ("GENERAL"), on information and belief, is an insurance company domiciled in New Hampshire with its principle place of business in New Hampshire, and which conducts business and sells insurance throughout the State of California, including in the County of Los Angeles.  GENERAL is a wholly owned subsidiary of Safeco Insurance, which is a Liberty Mutual Company.

4.     The true names and capacities, whether individual, corporate, associate, or otherwise of defendants DOES 1 through 30, inclusive, are unknown to PLAINTIFFs who therefore sue these defendants by their fictitious names.  PLAINTIFFS are informed and believe, and on that basis allege, that each defendant designated herein as a DOE is legally responsible in some manner for the events and happenings alleged in this complaint, and legally caused injury and damages to PLAINTIFFS.

5.     Jurisdiction and venue is proper because the acts giving rise to PLAINTIFFS' complaint, including the communications between PLAINTIFFS and Defendants GENERAL and DOES 1 through 30 (collectively "DEFENDANTS") and the events giving rise to the insurance claim at issue, took place in the State of California, County of Los Angeles.

## II.

## GENERAL ALLEGATIONS

6.     PLAINTIFFS own and live in a home located in San Dimas, California (the "RESIDENCE").  PLAINTIFFS and the RESIDENCE are insured under an insurance policy issued by DEFENDANTS, policy number OA4623304 ("POLICY"), which provides first party insurance for, among other things, sudden and accidental direct physical loss to the property.

- 2 -

7.  On or about August 8, 2020, a pipe burst in the slab of the RESIDENCE, causing significant water damage (the "LOSS"). PLAINTIFFS discovered the water damage and reported the LOSS to DEFENDANTS.

8.  In connection with repairing the water damage, the RESIDENCE's furnace needed to be removed. The furnace was functioning properly prior to the LOSS. At least two contractors that have provided estimates to the PLAINTIFFS have concluded that the furnace cannot be reinstalled and needs to be replaced as part of the repairs because it is not safe to reinstall and/or the current code requires that the furnace not be reinstalled. The POLICY includes "Building Ordinance or Law Coverage." DEFENDANTS have unreasonably failed to agree to pay for the cost to replace the furnace. DEFENDANTS have also unreasonably "lowballed" PLAINTIFFS with respect to the overall cost of repair due to the LOSS.

9.  As a result of the LOSS, PLAINTIFFS have been without hot water, heating or air conditioning for months. PLAINTIFFS cannot relocate because they have two special needs children in the RESIDENCE who are attended to in the RESIDENCE. As a result of DEFENDANTS' unreasonable delay in handling the CLAIM and failure to pay the proper amount due under the POLICY, as of the filing of this Complaint, over six months since the date of LOSS, PLAINTIFFS' RESIDENCE has not been repaired and PLAINTIFFS are still living without heating or air conditioning.

## FIRST CAUSE OF ACTION

### For Breach of Contract

### (By PLAINTIFFS Against GENERAL and Does 1-30)

10.  PLAINTIFFS incorporate herein by reference Paragraphs 1 through 9, inclusive, above.

11.  PLAINTIFFS and DEFENDANTS entered into a contract for insurance when the POLICY was issued.

12.  PLAINTIFFS paid the insurance premiums and otherwise performed all duties, responsibilities and conditions precedent under the contract.

13.  The POLICY required DEFENDANTS to provide coverage for the damage to

- 3 -

COMPLAINT FOR DAMAGES

1   PLAINTIFF's RESIDENCE.

2       14.     DEFENDANTS breached the contractual obligations under the POLICY by failing

3   to pay for the entire cost to repair the water damage to the RESIDENCE covered by the POLICY.

4       15.     DEFENDANTS' conduct was a substantial factor in causing damage and injury to

5   PLAINTIFF, including the costs to remediate the water damage to the RESIDENCE covered

6   under the POLICY for which DEFENDANTSW have not paid, but not less than $20,000.

7                           **SECOND CAUSE OF ACTION**

8                **For Breach of the Covenant of Good Faith and Fair Dealing**

9                  **(By All PLAINTIFF Against GENERAL and Does 1-30)**

10      16.     PLAINTIFFS incorporate herein by reference Paragraphs 1 through 15, inclusive,

11  above.

12      17.     In every insurance policy issued in the State of California, there is an implied

13  covenant of good faith and fair dealing that requires the insurer to act in a fashion so as not to

14  disrupt or disappoint the expectations of each of its insureds.

15      18.     DEFENDANTS breached the covenant of good faith and fair dealing to the

16  PLAINTIFFS by their unreasonably failing to investigate the CLAIM, by failing to acknowledge

17  that the furnace needed to be replaced as a part of remediating the damage from the LOSS, by not

18  conducting a thorough investigation to determine when and how the damage to the RESIDENCE

19  occurred, by erroneously applying the wear and tear exclusion in the POLICY in a manner that

20  put the insurance company's interests ahead of the policyholder's interest, and by adjusting the

21  CLAIM in a manner that caused PLAINTIFFS unnecessary emotional distress.

22      19.     DEFENDANTS' conduct was a substantial factor in causing damage and injury to

23  PLAINTIFFS, including the unpaid covered costs to remediate the damage to the RESIDENCE,

24  the loss of use damages suffered by PLAINTIFFS, emotional distress damages, and attorneys'

25  fees incurred by PLAINTIFFS to obtain the benefits under the POLICY denied from them.

26      20.     In committing the foregoing acts, DEFENDANTS acted despicably with

27  oppression, malice and with the intent to willfully harass, vex and annoy PLAINTIFFS with a

28  reckless disregard of PLAINTIFFS' rights.

                                    - 4 -

## PRAYER FOR RELIEF

Wherefore, PLAINTIFFS pray for judgment against DEFENDANTS, and each of them, as follows:

1.    For compensatory and general damages according to proof;

2.    For special damages according to proof;

3.    For punitive damages according to proof;

4.    For attorneys' fees and costs of suit herein; and

5.    For all other further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demand a jury trial.

BENDEL LAW GROUP

By: _____

Jason R. Bendel
Attorney for Plaintiff
Robert Genova and Dora Genova

- 5 -

COMPLAINT FOR DAMAGES

21PSCV00120

Electronically FILED by Superior Court of California, County of Los Angeles on 02/16/2021 04:30 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Gonzalez, Deputy Clerk

CM-010

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jason R. Bendel (State Bar No. 212774)<br>BENDEL LAW GROUP<br>11620 Wilshire Boulevard, Suite 900<br>Los Angeles, CA 90025<br>TELEPHONE NO.: (310) 362-6110     FAX NO.: (310) 317-7855<br>ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 400 Civil Center Plaza
MAILING ADDRESS: same
CITY AND ZIP CODE: Pomona, CA 91766
BRANCH NAME: East Judicial District - Pomona Courthouse

CASE NAME:
Robert Genova, et al. v. General Insurance Company of America

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>21PSCV00120 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[✓] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):*  2 - Breach of Contract and Breach of Good Faith and Fair Dealing
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 16, 2021

Jason R. Bendel
(TYPE OR PRINT NAME)                                    ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10.<br>*www.courtinfo.ca.gov* |
|---|---|---|

Exhibit A
Page 20

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: Robert Genova, et al. v. General Insurance Company of America | CASE NUMBER 21PSCV00120 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

## CIVIL CASE COVER SHEET ADDENDUM
## AND STATEMENT OF LOCATION

| SHORT TITLE: Robert Genova, et al. v. General Insurance Company of America | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☑ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 2 of 4

| SHORT TITLE: Robert Genova, et al. v. General Insurance Company of America | CASE NUMBER | 21PSCV00120 |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages<br>☐ A6123  Workplace Harassment With Damages<br>☐ A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

Exhibit A

| SHORT TITLE: Robert Genova, et al. v. General Insurance Company of America | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☒ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 416 Paseo Gracia |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| San Dimas | CA | 91773 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the **East Judicial** _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: **February 16, 2021** _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

# EXHIBIT B



**Dr. Shirley N. Weber**
**California Secretary of State**

---

## 🔍 Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Sunday, March 14, 2021. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## C3484103    GENERAL INSURANCE COMPANY OF AMERICA

| | |
|---|---|
| **Registration Date:** | 06/25/2012 |
| **Jurisdiction:** | NEW HAMPSHIRE |
| **Entity Type:** | FOREIGN STOCK |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | **CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE (C1592199)** |

To find the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information, click the link above and then select the most current 1505 Certificate.

| | |
|---|---|
| **Entity Address:** | 100 LIBERTY WAY DOVER NH 03820 |
| **Entity Mailing Address:** | 175 BERKELEY ST BOSTON MA 02116 |

🛒 **Certificate of Status**

A Statement of Information is due EVERY year beginning five months before and through the end of June.

| Document Type ⇅ | File Date ⇵ | PDF |
|---|---|---|
| SI-COMPLETE | 06/16/2020 | |
| SI-COMPLETE | 06/21/2019 | |
| REGISTRATION | 06/25/2012 | |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

Exhibit B

Case 2:21-cv-02441-AB-GJS Document 1 Filed 03/19/21 Page 28 of 36 Page ID #:28

**Modify Search**     **New Search**     **Back to Search Results**



EXHIBIT C

Exhibit C
Page 29

| | |
|---|---|
| **From:** | Moreno, Desiree on behalf of Moreno, Desiree <Desiree.Moreno@libertymutual.com> |
| **To:** | sapipCLMEZ4 |
| **Subject:** | Claim#:043293907-01 - Inbound: {EXTERNAL} Fw: GENOVA: 1416 Paseo Gracia, San Dimas, CA 91007 |
| **Date:** | Tuesday, October 6, 2020 5:30:24 PM |
| **Attachments:** | ALEX - 1416 Paseo Gracia San Dimas repair bid.pdf |

---

**From:** D G <dsgenova@yahoo.com>
**Sent:** Tuesday, October 6, 2020 5:57:50 PM
**To:** Moreno, Desiree <Desiree.Moreno@libertymutual.com>
**Subject:** {EXTERNAL} Fw: GENOVA: 1416 Paseo Gracia, San Dimas, CA 91007

oct. 1, emai

----- Forwarded Message -----
**From:** D G <dsgenova@yahoo.com>
**To:** Desiree Moreno <desiree.moreno@libertymutual.com>
**Sent:** Thursday, October 1, 2020, 04:15:12 PM PDT
**Subject:** GENOVA: 1416 Paseo Gracia, San Dimas, CA 91007

Good Afternoon Desiree,

1. I have attached the bid of the contractor I want to go with.

2. The check you sent, is that for Rainbow International/Hacienda?

3.  What is going to happen to "my furniture" that is in storage **somewhere** here in San Dimas?

My current concern is Time, winter is going to be here pretty quick.  It already getting cold at night and in the morning.  Please remember we have not had a water heater or A/C heating unit since Aug. 8th, it will be 2 months, October 8th.  We really need to jump on getting us back into a humane living situation asap.

Maybe we can talk tomorrow, but for today, here is his bid.

Thank you for your time and patience.

Respectfully,
Dora Genova
626-201-1881

Exhibit C
Page 30

# CASCO COAST TO COAST CONSTRUCTION, INC.

General Contractor License# 563542

Email Cascocoast2coast@AOL.com

13630 Imperial Hwy Santa Fe Springs CA 90670

Bus.(562) 921-4567
Fax (562) 623-0162

**Proposal submitted to:**                                             September 30, 2020
**Name:** Dora Genova
**Property Address:** 1416 Paseo Gracia San Dimas CA 91773

This estimate is based on Casco Coast to Coast Construction Inc. careful evaluation of conditions as they existed at this time, of visible and accessible areas of the property.

## HVAC
Reinstall the existing up-flow furnace that was removed by others during the remediation process. If any furnace parts were lost or damaged during the removal of the furnace we will have to submit a change order for the additional parts and labor.

Existing furnace to be reinstalled at same location in garage as before and recharge system as needed.

Please be advised since we did not remove the unit, we are not aware of the working condition of the existing HVAC system. This proposal doesn't include supplying any new HVAC system parts.

## Water Heater
Reinstall the existing water heater that was removed by others during the remediation process. We will supply new water heater straps, sediment trap, venting, gas shut off valve, gas flex line and bonding of water heater. Existing water heater to be reinstalled at same location in garage as before. New water heater is not included.

## Platform
Reconstruct wood platform that accommodates furnace and water heater located in garage. The platform was taken apart by others during the remediation process.

## Drywall
Install new 5/8 drywall at garage firewall where it was removed during the remediation process. Fire tape and texture new drywall to match existing as close as possible.

Install new ½ drywall and ½ green board at family room bar walls and ceiling where it was removed during the remediation process. Tape and texture to match existing as close as possible.

## Carpentry
Construct and install new bar sink cabinet and counter top to match previous bar sink cabinet and counter top as close as possible. The previous bar sink cabinet and counter top were water damaged and removed during the remediation process.

Install new 3 inch base moulding in family room, kitchen, living room, pantry, dining room and downstairs hallway before installing the new flooring.

Install new base shoe moulding over the new LVT Plank flooring

## Flooring
Install new moisture resistant glue down LVT Planks in living room, kitchen, pantry, family room, dining room and two sets of stairs.

## Paint
Prime all new patched walls in garage and paint white.

Prime all new patch walls and ceiling in family room and paint walls, ceilings and mouldings of downstairs areas only. Homeowner to select colors. This proposal is for a 3 tone paint. All downstairs ceilings to be the same color and all the walls to be the same color and doors and moulding to be the same color.

Exhibit C
Page 31

**Plumbing**

Supply and install new top mount stainless steel single bowl sink, new bar sink chrome finish faucet, (2) angle stops, (2) supply lines, (1) strainer and ABS under sink drain hook ups.

**Note:** Please be advised that none of the above work can be started until the slab leak has been repaired.  This proposal doesn't include any leak detection or slab leak repairs.

***The above work will be performed in a workmanlike manner for the sum of $34,601.00***

***Terms and conditions:***
* The work area will be occupied by Casco Coast to Coast Construction, Inc. personnel only.
* Permits and Administrative fees are not included
* Repairing any plumbing or electrical is not included
* The designated work area will be off limits to unauthorized personnel during construction.
* Owner to provide water and electricity as needed.
* Site security to be provided by owner.
* Pricing does not include removal of hazardous waste or materials.
* Casco Coast to Coast Construction, Inc. will remove and dispose of construction debris caused by Casco Construction's scope of work.
* This estimate is based on our evaluation and does not include additional labor and materials. Which, may be required should unforeseen problems, such as vandalism, earthquakes, fires or adverse weather conditions arise after the work has begun.

Any alteration or deviation from the above specification involving extra cost of material or labor will be executed only upon written orders for same, and will become an extra charge over the sum mentioned in this contract.  All agreements must be in writing.

This price is contingent upon acceptance of the entire proposal as stated, and is only valid for a period of 30 days from the date of reception.

If you have any questions, please do not hesitate to contact us at (562) 921-4567 office or (562) 755-3820 cell

Sincerely,
Alex Casco

Exhibit C
Page 32



# EXHIBIT D

| | |
|---|---|
| **From:** | Moreno, Desiree on behalf of Moreno, Desiree <Desiree.Moreno@libertymutual.com> |
| **To:** | sapipCLMEZ2 |
| **Subject:** | Claim#:043293907-01 - Inbound: leak detection and access |
| **Date:** | Friday, October 16, 2020 10:35:53 AM |
| **Attachments:** | Rene"s Plumbing - Bid 10-14-2020.pdf |

---

**From:** D G <dsgenova@yahoo.com>
**Sent:** Thursday, October 15, 2020 4:45:22 PM
**To:** Moreno, Desiree <Desiree.Moreno@libertymutual.com>
**Cc:** renesplumbing1@verizon.net <renesplumbing1@verizon.net>
**Subject:** {EXTERNAL} GENOVA: Plumbing Bid

Good Morning Desiree,

I have attached the plumbing bid.  Please contact the new plumber if you should have any questions.

Respectfully,
Dora Genova

# Rene's Plumbing Repair, Inc.

Lic. # 454443

3620 Williams Avenue, La Verne, CA 91750
Phone: (909) 593-1175 • (909) 941-1192 • Fax: (909) 596-1401
Glendora/Covina area: (626) 914-6187

## Proposal and Contract

Submitted to DORA GENOVA                         Date 10-14-2020

Address 1416 PASEO GRACIA SAN DIMAS, CA 91773

Job at SAME ADDRESS                         Phone 626 201-1991

I/We propose to furnish all materials and perform all labor necessary to complete the following:

HOT WATER LEAK UNDER CONCRETE SLAB.
1) ELECTRONIC LEAK DETECTION = 300°°
2) REROUTE UP TO 25' OF 3/4 HOT LINE IN PEX TUBING
3) TEST AND TURN ON WATER (TEMPORARY HOT TANK RESET, AND RETURN TO REMOVE & RESET AFTER DRYWALL AND STAND ARE REBUILT AND REPLACED 2500.°°

FURNACE IS ROTTED OUT AT EVAPORATOR PAN, AND FIREBOX IS RUSTED. NEEDS NEW FURNACE AND EVAPORATOR AND CONDENSER, CONNECTED TO EXISTING DUCTS = 9500°° DAY+NIGHT 5 TON AIR AND 100,000 BTU HEAT.

All of the work to be completed in a workmanlike manner according to standard practices for the sum of:

_____ Dollars $ _____

Payable as follows: SLAB LEAK AND REPAIR = 3000°°
ALR AND HEAT SYSTEM 9500°° DAY+NIGHT ™

Approximate dates when work will begin_____ and when work will be completed_____

Substantial commencement of the project shall be defined as (Briefly describe)_____

CONTRACTORS ARE REQUIRED BY LAW TO BE LICENSED AND REGULATED BY THE CONTRACTOR'S STATE LICENSE BOARD WHICH HAS JURISDICTION TO INVESTIGATE COMPLAINTS AGAINST CONTRACTORS IF A COMPLIANT IS FILED WITHIN THREE YEARS OF THE DATE OF THE ALLEGED VIOLATION. ANY QUESTIONS CONCERNING A CONTRACTOR MAY BE REFERRED TO THE REGISTRAR OF THE BOARD WHOSE ADDRESS IS: CONTRACTORS' STATE LICENSE BOARD, P.O. BOX 2600, SACRAMENTO, CA 95826.

### LIEN RELEASES

If this is a home improvement contract then upon satisfactory Payment being made for any portion of the work performed, the contractor shall, prior to any further payment being made, furnish to the person contracting for the home improvement a full and Unconditional Lien Release from any claim or Mechanic's Lien pursuant to section 3114 of the Civil Code, for that portion of the work for which payment has been made.

### RIGHT TO CANCEL

"YOU, THE BUYER MAY CANCEL THIS TRANSACTION AT ANY TIME PRIOR TO MIDNIGHT OF THE THIRD BUSINESS DAY AFTER THE DATE OF THIS TRANSACTION. OR IF THIS IS A CONTRACT THAT IS FOR WORK FOLLOWING AN EARTH QUAKE, FLOOD, FIRE HURRICANE, RIOT, STORM, TIDAL WAVE, OR OTHER SIMILAR CATASTROPHIC OCCURRENCE, YOU THE BUYER MAY CANCEL THIS TRANSACTION AT ANY TIME PRIOR TO MIDNIGHT OF THE SEVENTH BUSINESS DAY AFTER THE DATE OF THIS TRANSACTION. SEE THE ATTACHED NOTICE OF CANCELATION FORM FOR AN EXPLANATION OF THIS RIGHT."

YOU, AS OWNER OR TENANT, HAVE THE RIGHT TO REQUIRE THE CONTRACTOR TO HAVE A PERFORMANCE AND PAYMENT BOND. The cost of procuring this bond will be paid by the owner/tenant and is not Included in this contract price.

Contractors failure to substantially commence work, without lawful excuse, within twenty (20) days from the date specified above is a violation of the Contractors License Law.

No extra or change-order work shall be required to be performed without prior written authorization of the person contracting for the construction of the home improvement or swimming pool. Any change-order form for changes or extra work shall be incorporated in, and become a part of the contract.

Respectfully submitted,

By Louis Rene Boykins (Agent)

### ACCEPTANCE

The undersigned hereby authorizes you to furnish all materials and labor required to complete the work mentioned in the above proposal. The undersigned agrees to pay the amount stated in said proposal upon presentation of billing. In the event it becomes necessary to refer said proposal/contract to an attorney, the undersigned agrees to pay attorney's fees and all costs incurred in the collection of the monies due under said proposal/contract.

Signed _____

By _____ Date _____

<u>**PROOF OF SERVICE**</u>

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 707 Wilshire Boulevard, Suite 4000, Los Angeles, California 90017-3623.

On March 19, 2021, I served true copies of the following document(s) described as **GENERAL INSURANCE COMPANY OF AMERICA'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441; DECLARATIONS OF RINA CARMEL AND DESIREE MORENO AND EXHIBITS THERETO** on the interested parties in this action as follows:

Jason R. Bendel, Esq.                    Attorneys for Plaintiffs ROBERT
Bendel Law Group                         GENOVA and DORA GENOVA
11620 Wilshire Blvd., Suite 900
Los Angeles, CA  90025
Telephone:  (310) 362-6110
Facsimile:  (310) 317-7855
Email:  ibendel@bendellaw.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address ayh@amclaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 19, 2021, at Los Angeles, California.

_____
Angela Y. Hutchens

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594